Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff entered into two subcontracts with A. W. Kutsche and Company to perform certain plumbing, heating, and ventilating work in the construction of post office buildings in Springfield, Ohio, and New C'astle, Pennsylvania.
This suit is for the recovery of some sixteen odd thousand dollars for extra expense alleged to have been sustained by plaintiff through his compliance with the National Industrial Kecovery Act.
It is not necessary for us to consider the New Castle, Pennsylvania, claim because it was not presented in time. All claims had to be presented by June 15, 1935, and plaintiff’s claim was not received by the Treasury Department until June II, 1935, and therefore did not comply with the statute.
The Springfield claim is for extra costs of material and extra cost of labor. From an examination of the- evidence we are satisfied that the increased cost of material used in the Springfield Post Office was due to the enactment of the National Industrial Recovery Act and plaintiff is entitled to recover the $218.52 so expended.
It must be borne in mind that the burden of proof is always on the plaintiff to establish his case by a preponderance of evidence. In this case we have a total failure on the part of the plaintiff to clearly establish what the labor costs were before the passage of the National Industrial Recovery Act and what he had to pay afterwards. Estimates are not enough. Testimony of an estimate of what the labor costs would be before bidding and what they actually were after performance, substracting one from the other, is not establishing by clear proof a loss due to the National Industrial Recovery Act. Especially is it true in this case where plaintiff is the sole owner of the company. No consideration was given to the abnormal working conditions or the unusual delays due to the extensions of time granted the prime contractor. There were other elements of delay for which the Government is not responsible and which were due entirely to improper supervision.
*453 In our judgment, there is a total failure on the part of plaintiff to produce sufficient evidence to establish that the loss sustained by him was due to compliance with the National Industrial Eecovery Act and, therefore, no recovery can be had on the increased labor costs.
Judgment will be entered for the plaintiff for the increased costs of material in the sum of $218.52. Consumers Paper Company v. United States, 94 C. Cls. 713; affirmed, 317 U. S. 595.
It is so ordered.
LxttletoN, Judge; and Booth, Chief Justice (retired), recalled, concur.